IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACOBUS C. RASSER,<br><br>       Plaintiff,<br><br>v.<br><br>GREEN MOUNTAIN COFFEE<br>ROASTERS, INC. AND KEURIG,<br>INCORPORATED,<br><br>       Defendants. | Civil Action No. 10-01010-PD |

**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

 

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
*jshaw@ycst.com*
*kkeller@ycst.com*

OF COUNSEL
Michael A. Albert
*malbert@wolfgreenfield.com*
Gerald B. Hrycyszyn
*ghrycyszyn@wolfgreenfield.com*
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Defendants*
*Green Mountain Coffee Roasters, Inc.*
*and Keurig, Incorporated*

DATED: February 22, 2011

# TABLE OF CONTENTS

I. ARGUMENT .................................................................................................................. 1

    A. RASSER INCORRECTLY ASSERTS THAT KEURIG'S PARTIAL MOTION TO DISMISS AMOUNTS TO A CONCESSION OF ISSUES NOT MOVED UPON. ......................................... 2

    B. THE ALLEGATIONS RASSER CITES TO DISTINGUISH PRIOR CASELAW ARE IRRELEVANT AND/OR CONCLUSORY AND THUS DO NOT SAVE THE INADEQUATE PLEADINGS. .................................................................................................................. 4

        1. The First Six of Rasser's Twelve Allegations Are Too Conclusory To Be Accepted As True Under Supreme Court Caselaw. ................................................. 4

        2. Rasser's Remaining Six Allegations Are Irrelevant to the Patents That Are the Subject of Keurig's Motion. ................................................................................ 5

        3. This Court Assesses False Marking Pleadings on a Patent-by-Patent Basis. ............ 6

II. CONCLUSION .............................................................................................................. 7

## TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal,
--- U.S. ----, 129 S.Ct. 1937 (2009) ............................................................................... 4

Batdorf v. Trans Union,
No. 00-00501, 2000 WL 635455 (N.D. Cal. May 8, 2000)............................................. 3

Brinkmeier v. BIC Corp.,
733 F. Supp. 2d 552 (D. Del. 2010)............................................................................. 1, 2

Brinkmeier v. Graco Children's Products Inc.,
684 F. Supp. 2d 548 (D. Del. 2010)..................................................................... 1, 2, 6, 7

Circuit City Stores, Inc. v. Citgo Petroleum Corp.,
No. 92-07394, 1994 WL 483463 (E.D. Pa. 1994) .......................................................... 3

Finnegan v. Univ. of Rochester Med. Ctr.,
180 F.R.D. 247 (W.D.N.Y. 1998).................................................................................... 3

Hollander v. Ortho-McNeil-Janssen Pharms., Inc.,
No. 10-00836, 2010 WL 4159265 (E.D. Pa. Oct. 21, 2010) ....................................... 1, 2

Ideal Instruments, Inc. v. Rivard Instruments, Inc.,
434 F. Supp. 2d 598 (N.D. Iowa 2006).......................................................................... 3

**STATUTES**

Fed. R. Civ. P. 12(b)(6)............................................................................................... 1, 2, 7

Fed. R. Civ. P. 12(a)(4)...................................................................................................... 4

Fed. R. Civ. P. 9(b) ............................................................................................................ 4

I.  **ARGUMENT**

Rasser admits that the allegations in his complaint "match-up with [Keurig's] cases" in which courts dismiss false marking allegations for failure to adequately plead the "intent to deceive" element. Rasser argues only that his pleadings are distinguishable from those cases because of: (1) some allegations in his complaint which Keurig supposedly "ignored;" and (2) "concessions" Keurig has supposedly made. (Opp. at 1-2.) Neither contention is correct.

Rasser's attempt to distinguish the cited cases fails for at least two reasons. First, Keurig has not made any "concessions" regarding the merits of the case – either with regard to the issues as to which it has not moved to dismiss, nor with regard to those that are within the scope of the Rule 12 motion. As a matter of law, a motion to dismiss does not constitute an admission with respect to any facts or claims, as Rasser suggests. Second, Rasser's purported additional allegations are irrelevant to this motion: They are either unrelated to the '315 and '247 patents which are the subject of Keurig's motion to dismiss, or at most are too vague and conclusory to be presumed true for purposes of Rule 12(b)(6) or to be given any weight.

Rasser fails to materially distinguish his pleadings from those in false marking cases that were dismissed for inadequately pleading deceptive intent. Like the pleadings that this Court dismissed in Brinkmeier v. Graco Children's Products Inc., 684 F. Supp. 2d 548, 553 (D. Del. 2010), Rasser contends that Keurig knew or should have known of the alleged false marking. And like the inadequate pleadings in Brinkmeier v. BIC Corp., 733 F. Supp. 2d 552, 565 (D. Del. 2010), where this Court criticized plaintiff's "fail[ing] to provide any detail (name or job title) about who allegedly knew of the [false marking]," Rasser similarly fails to identify anyone who knew of the alleged false marking of the '315 and '247 patents. Moreover, as in Hollander v. Ortho-McNeil-Janssen Pharms., Inc., No. 10-00836, 2010 WL 4159265 (E.D. Pa. Oct. 21, 2010) (dismissing false marking claims with allegations like Rasser's), Rasser alleges that Keurig was a

"sophisticated company" – precisely the allegation deemed insufficient in that case. Courts, appropriately enough, are simply unwilling to take sophistication as a proxy for malevolent intent.

In sum, because Rasser is unable to distinguish his pleadings with respect to the '315 and '247 patents from pleadings that courts in this district, as well as other Third Circuit courts, have dismissed as inadequate, the Court should dismiss these claims as it has dismissed similar claims in the past.

### A. Rasser Incorrectly Asserts That Keurig's Partial Motion to Dismiss Amounts to a Concession of Issues Not Moved Upon.

To distinguish his pleadings from cases like Graco, BIC, and Hollander, Rasser argues that Keurig has "conceded" certain allegations in Rasser's complaint[1] by not affirmatively rebutting them on the merits.

Rasser's assertion fundamentally misconstrues the nature of a Rule 12 motion. Such motions say nothing about the underlying factual or evidentiary record; they are solely legal challenges to the sufficiency of the pleadings or (in this case) portions of the pleadings. Keurig's partial motion to dismiss does not somehow amount to a concession as to the merits of allegations regarding the '189 and '765 patents, which are not the subject of the motion. For the record, Keurig expressly denies Rasser's false marking allegations relating to the '189 and '765 patents. Indeed, those allegations are so unsupportable as to border on the frivolous, as will be established at an appropriate time – the patents in question are still in full force and effect, and they cover the marked products. Because 12(b)(6) motions are limited to issues as to which even

---

[1] For example, Rasser erroneously states that "Defendants concede: (1) all four patents are falsely marked; (2) Defendants intended to deceive regarding two patents ('189 and '765); and (3) the other two patents ('315 and '247) are part of the same admitted pattern." (Opp. at 6.) Elsewhere, Rasser claims that "Defendants' motion does not challenge Rasser's allegations" regarding these same three points. (Opp. at 1.)

the pleadings (let alone the facts) are deficient, however, Keurig has not moved on the '189 or '765 patents at this time. Rather, Keurig has moved only on issues as to which Rasser has failed even to meet the **pleadings** requirement – i.e., the '315 and '247 patents. As to issues beyond the scope of the pending motion, Keurig will rebut Rasser's allegations on the merits in due course.

Rasser's opposition implies that by not moving to dismiss the complaint in its entirety, Keurig conceded allegations beyond the scope of the pending motion. Rasser cites no authority for this proposition; nor is there any. Indeed, courts have repeatedly held to the contrary. Courts recognize that by moving to dismiss only some claims, a defendant does not admit allegations regarding other claims. See Batdorf v. Trans Union, No. 00-00501, 2000 WL 635455, at *4 (N.D. Cal. May 8, 2000) ("[Defendant] has not admitted plaintiff's allegations with respect to the . . . causes of action it was not moving to dismiss while its motion to dismiss is pending."); Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 598, 637-39 (N.D. Iowa 2006) (finding no admissions as to unchallenged claims in the motion to dismiss and holding that "a motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); see also Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247, 249 (W.D.N.Y. 1998) ("[T]he filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); Circuit City Stores, Inc. v. Citgo Petroleum Corp., No. 92-07394, 1994 WL 483463, at *4 (E.D. Pa. 1994) (rejecting argument that failure to answer claims not challenged in 12(b) motion constitutes default: "A partial 12(b) motion enlarges the time to file an answer.").

Here, Keurig has not yet answered Rasser's complaint. Once the Court has ruled on the pending motion, Keurig will file an answer addressing each of Rasser's allegations, as provided for under Rule 12(a)(4). Thus, Keurig's submission of a partial motion to dismiss in lieu of an answer in no way constitutes an admission of Rasser's other allegations.

### B. The Allegations Rasser Cites to Distinguish Prior Caselaw Are Irrelevant and/or Conclusory and thus Do Not Save the Inadequate Pleadings.

Rasser also attempts to distinguish his pleadings from cases in which false marking claims were dismissed under Rule 9(b) by reciting twelve allegations which were purportedly absent in those cases. (Opp. at 2.) These allegations, however, consist of conclusory assertions and/or allegations which pertain only to the '189 and '765 patents, which are not the subject of Keurig's motion. Because the twelve allegations are irrelevant to the adequacy of Rasser's pleadings regarding the '315 and '247 patents, they cannot save these claims from dismissal.

#### 1. The First Six of Rasser's Twelve Allegations Are Too Conclusory To Be Accepted As True Under Supreme Court Caselaw.

Rasser argues that twelve allegations from ¶¶ 33-42 of the complaint are sufficient to allege an intent to deceive and survive Keurig's motion to dismiss. (Opp. at 2.) The first five allegations,[2] however, "are not entitled to the assumption of truth" because they "amount to nothing more than a formulaic recitation of the [deceptive intent] element[]" of false marking. Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1951 (2009). "As such, the allegations are conclusory and not entitled to be assumed true." Id.

---

[2] The first six of Rasser's allegations (Opp. at 2.) are the following:
   (1) Defendants intended false markings to be seen by competitors;
   (2) Defendants intended false markings to be seen by the public;
   (3) Defendants intended the public to rely upon Defendants' false marking;
   (4) Defendants intended to maintain false patent marking to justify a high retail price for K-Cups;
   (5) Defendants intended to maintain false patent marking to justify a high royalty rate charged to its licensees for K-Cups;
   (6) Defendants had the opportunity and means to remove the false patent marking.

Like the first five allegations, the sixth is a conclusory assertion: "Defendants had the opportunity and means to remove the false patent marking." (Opp. at 2; Compl. ¶ 39.) Unsupported by any facts in the complaint, these allegations are not entitled to the presumption of truth.

### 2. Rasser's Remaining Six Allegations Are Irrelevant to the Patents That Are the Subject of Keurig's Motion.

The remaining six allegations concern statements that Keurig purportedly made about its patents to the PTO, SEC, financial analysts, and in a patent-related D.C. lawsuit.[3] However, even accepting these allegations as true for purposes of the motion to dismiss, these statements, by Rasser's own admission, related only to the '189 and '765 patents, which are not the subject of Keurig's motion. Consequently, these statements do nothing to bolster Rasser's pleadings as to the '315 and '247 patents.

In his opposition, Rasser alleges that Keurig made statements to four audiences: the SEC, the PTO, financial analysts, and the United States District Court in Washington, D.C. However, a careful review of the entire complaint reveals that Rasser only alleges that these statements relate to patents which are not the subject of Keurig's motion. First, Rasser's allegation regarding Keurig's SEC filings specifies that only two patents are implicated: the '189 and '765 patents. (Compl. ¶¶ 17-18.) Second, according to Rasser's complaint, Keurig's statements to the PTO consist of citing the '189 and '765 patents as prior art. (Id. ¶¶ 26-27.) Third, Rasser's

---

[3] Rasser's remaining six allegations (Opp. at 2.) are the following:
  (7) Defendants intended public statements to the PTO, SEC and financial analysts to reach the public;
  (8) Defendants intended statements to financial analysts to be relied upon by the public;
  (9) Defendants intended public statements to the PTO, SEC and financial analysts to reach competitors;
  (10) Defendants intended statements to the PTO to be relied upon by the PTO;
  (11) Defendants intended statements to the SEC to be relied upon by the SEC; and
  (12) Defendants intended statements in the DC Action to be relied upon by that Court.

complaint specifies that Keurig's statement to financial analysts dealt with the '189 and '765 patents. (Id. ¶¶ 34-35.) Fourth, Rasser's allegation regarding the D.C. Action concerns only the '765 patent. (Id. ¶ 26.)

Nowhere are the '315 and '247 patents mentioned in Rasser's complaint in connection with these alleged statements. Thus, Keurig's statements to these four audiences, even if accepted as true, do not support a reasonable inference of deceptive intent, as Rasser alleges (id. ¶¶ 39-41), with respect to the '315 and '247 patents.

In sum, the twelve allegations recited in Rasser's Opposition Brief are insufficient to preclude dismissal of the '315 and '247 patents.

### 3. This Court Assesses False Marking Pleadings on a Patent-by-Patent Basis.

Rasser's opposition improperly relies on factual allegations concerning patents not the subject of Keurig's motion (i.e., the '189 and '765 patents) to fill the void in its pleadings regarding those which Keurig moved to dismiss (i.e., the '315 and '247 patents). To justify this sleight of hand, Rasser argues that his "Complaint pleaded a single, integrated Count One which addressed all four of the Defendants' patents." (Pl.'s Opp. at 8.) Plaintiff's suggestion would elevate form over substance. Combining various causes of action into a single "count" does not somehow entitle the plaintiff to have his four separate allegations of false marking stand or fall as one, or shield the plaintiff from this Court's usual, patent-by-patent, approach to reviewing the sufficiency of pleadings.

In false marking cases, this Court looks to the specific facts asserted against specific patents, and then determines the sufficiency of pleadings on a patent-by-patent basis. For example, in Brinkmeier v. Graco Children's Products Inc., 684 F. Supp. 2d 548, 551 (D. Del. 2010), the plaintiff accused defendant in Count I of its amended complaint of falsely marking

products with 10 different patents. This Court granted a motion to dismiss for nine of the patents in Count I. Id. at 553. That the plaintiff grouped 10 different patents within the same count was irrelevant to this Court's analysis and ruling on the 12(b)(6) motion: the Court determined on a patent-by-patent basis whether sufficient factual allegations were present to support each allegedly falsely marked patent.

## II. CONCLUSION

Because Rasser has failed to distinguish his pleadings with respect to the '315 and '247 patents from those pleadings this Court and other courts in the Third Circuit have dismissed as inadequate, the Court should dismiss these claims as it

Dated: February 22, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *signature*

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

OF COUNSEL
Michael A. Albert
malbert@wolfgreenfield.com
Gerald B. Hrycyszyn
ghrycyszyn@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Defendants
Green Mountain Coffee Roasters, Inc.
and Keurig, Incorporated*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on February 22, 2011, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire [*cottrell@rlf.com*]
> Jason J. Rawnsley, Esquire [*rawnsley@rlf.com*]
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801

Additionally, I hereby certify that on February 22, 2011, copies of the foregoing document were served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL

> Patrick D. Lane, Esquire [*pat.lane@dinslaw.com*]
> DINSMORE & SHOHL, LLP
> 1900 Chemed Center
> 255 E. Fifth Street
> Cincinnati, OH 45202

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ *Karen E. Keller*
> Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302)-571-6600
>
> *Attorneys for Defendants*